# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KARL REINKE,

        Plaintiff,

v.

NORTHWEST TRUSTEE SERVICE, INC., et al.,

        Defendants.

CASE NO. C09-1684JLR

ORDER

This matter comes before the court on Defendant BAC Home Loans Servicing, LP's ("BAC") notice of removal (Dkt. # 1) and motion to dismiss (Dkt. # 12). For the following reasons, this court DISMISSES this action without prejudice for lack of jurisdiction.

## I. BACKGROUND

Mr. Reinke filed his initial complaint in King County Superior Court in September 2009 (the "King County action"). (Verification of Removal (Dkt. # 7), Ex. B.) Shortly

ORDER - 1

thereafter, Mr. Reinke filed for bankruptcy in the Bankruptcy Court for the Western District of Washington. (*See id.*, Ex. I; *see also* Bankruptcy Petition No. 09-16909-KAO.)

On November 20, 2009, Mr. Reinke filed a notice of removal of the King County action to the bankruptcy court. (*Id.*, Ex. W; *see also* Adversary Proceeding No. 09-01541-KAO ("Adversary Proceeding").) Mr. Reinke removed the King County action pursuant to 28 U.S.C. § 1452 as an adversary proceeding associated with his bankruptcy petition. (*Id.*)

On November 25, 2009, Defendant BAC Home Loans Servicing, LP ("BAC") filed a notice of removal of the King County action to this court. (Not. of Removal (Dkt. # 1).) BAC alleged that this court has federal question jurisdiction over the action based on Mr. Reinke's claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (*Id.*) BAC did not file proof that the other seven Defendants joined in its notice of removal.

On February 2, 2010, BAC filed a motion in this court to dismiss all of Mr. Reinke's claims against it pursuant to Rule 12(b)(6). (Dkt. # 12.) On February 22, 2010, Mr. Reinke responded to the merits of BAC's claims, but also contended that because he had removed the case to the bankruptcy court before BAC filed its notice of removal, the case is not properly before this court. (*See* Dkt. # 13.) Mr. Reinke also filed a motion to change venue, stating that BAC's removal was improper because it followed Mr. Reinke's notice of removal and because BAC failed to join all defendants in its notice of

removal. (Dkt. # 14.) Mr. Reinke asks the court to transfer this action to the bankruptcy court.

On February 25, 2010, BAC filed a motion to withdraw the reference in the Adversary Proceeding in bankruptcy court. (*See* Reply (Dkt. # 16) at 2 n.1.)

**II.     ANALYSIS**

In general, any civil action brought in state court over which a federal district court has original jurisdiction may be removed by the defendant to the district court for the district in which the state court action is pending. 28 U.S.C. § 1441(a). If the case involves multiple defendants, all defendants must join in the removal petition. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (citing *Chicago, Rock Island, & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)). In the Ninth Circuit, "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" proof of consent to removal by all defendants. *Id.*

In addition, any party may remove a state court action that is related to a bankruptcy action to bankruptcy court provided the bankruptcy court has jurisdiction over the action. 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.") In the Western District of Washington, a notice of removal for a case removed pursuant to 28 U.S.C. § 1452(a) must be filed directly in the bankruptcy court. Local Bankruptcy Rules W.D. Wash. Rule 9027-1(a).

Here, Mr. Reinke filed his notice of removal of the King County action in the bankruptcy court on November 20, 2009. Five days later, BAC filed its notice of removal of the King County action in this court. Because Mr. Reinke filed his notice of removal of the King County action before BAC filed its notice of removal, there was no case in state court for BAC to remove to this court. It may be true that, as BAC contends, Mr. Reinke's removal to the bankruptcy court was improper. As the case is pending before the bankruptcy court, however, whether Mr. Reinke's removal was proper is for the bankruptcy court to determine. Moreover, BAC's notice of removal was not accompanied by affidavits of consent to removal by the other defendants or an averment that the other defendants had joined in the removal. (*See* Not. of Removal.) Thus, even if this court could have considered BAC's notice of removal, it would have found the removal improper because BAC did not file timely proof that any other defendant joined in its notice of removal. *See Proctor*, 584 F.3d at 1224.

### III. CONCLUSION

For the foregoing reasons, the court DISMISSES this action without prejudice for lack of jurisdiction. BAC's motion to dismiss (Dkt. # 12) and Mr. Reinke's motion to change venue (Dkt. # 14) are DENIED as moot.

Dated this 4th day of March, 2010.

JAMES L. ROBART
United States District Judge